IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSHUA COLBY FINCHER                                               PLAINTIFF

V.                      CIVIL NO. 4:11-cv-04101

SHERIFF JAMES SINGLETON;
JOHNNY GODBOLT; LT. STEVEN
GLOVER; and NURSE LORI ROOK                             DEFENDANTS

**MEMORANDUM OPINION**

This is a civil rights action filed by Plaintiff, Joshua Fincher, pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.

Currently before the Court is Defendants' Motion for Summary Judgment (ECF No. 17); Brief in Support of Motion for Summary Judgment (ECF No. 18); and Statement of Facts (ECF No. 19).  Plaintiff filed a Response to the Motion For Summary Judgment utilizing a Questionnaire from the Court.  ECF No. 24.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 13.  Pursuant to this authority, the Court finds this Motion is ready for decision and issues this memorandum opinion.

**I.**    **BACKGROUND**

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Hempstead County Detention Center ("HCDC").  Plaintiff is now incarcerated in the Arkansas Department of Corrections, Tucker Unit in Tucker, Arkansas.  Plaintiff filed the instant Complaint on October 20, 2011.  ECF No. 1.  In his Complaint, Plaintiff claims his constitutional rights were

1

violated when Defendants denied him a dental appointment. Plaintiff indicated in his Complaint he intended to sue Defendants in both their individual and official capacities. ECF No. 1, p. 4.

In his Complaint, Plaintiff specifically claims he suffered a painful abscessed tooth and put in his first request to visit the dentist "around or about" September 5, 2011.[1] ECF No. 1, p. 4. On September 19, 2011, Plaintiff filed another requests indicating no one responded to his September 5, 2011 request, and stating his tooth was draining "poison" and getting infected. ECF No. 1, p. 8. Defendant Steven Glover ("Glover"), a lieutenant at the HCDC, responded on September 19, 2011 and informed Plaintiff he never received the September 5, 2011 request. ECF No. 1, p. 8. Glover also stated in his response that he would contact the dentist for Plaintiff, but Plaintiff would be responsible for the bill because Hempstead County would not pay for it. ECF No. 1, p. 8. At some point between September 19, 2011 and October 1, 2011, Defendant Johnny Godbolt ("Godbolt"), the jail administrator at the HCDC, informed Plaintiff if he had not been sentenced to the Arkansas Department of Corrections ("ADC") for thirty (30) days or more, Hempstead County would cover his dental bill. ECF No. 1, pp. 5-6. However, Godbolt also informed Plaintiff that the HCDC was having problems making appointments with the dentist office because the County had not paid its dental bill. ECF No. 1, p. 6. Plaintiff claims he showed the "pimple" on his gums to Defendant Lori Rook ("Rook"), a nurse at the HCDC, and "several other staff members" but nothing was done to help him. ECF No. 1, p. 6. Finally, the pain got so severe Plaintiff took a staple from a book pamphlet and popped the "pimple" to relieve the pain. ECF

---

[1] The Court notes that the record indicates Plaintiff's first medical request regarding a toothache was on September 1, 2011. ECF No. 18-1. However, there is no indication on the record as to whether Plaintiff put in a separate Inmate Request Form on September 5, 2011 specifically asking for a dentist appointment.

2

No. 1, p. 6.  Plaintiff was taken to the dentist on October 12, 2011.  ECF No. 1, p. 6.  The dentist informed Plaintiff he had two abscessed teeth but the dentist could not work on Plaintiff's teeth until the infection was healed.  ECF No. 1, p. 6.

Attached to Plaintiff's Complaint are three Inmate Request Forms.  The first is the September 19, 2011 request to Glover mentioned above.  ECF No. 1, p. 8.  The second is a September 19, 2011 request to a non-party Sergeant Fincher ("Fincher").  ECF No. 1, p. 9.  In this request, Plaintiff states it has been more than two weeks since he requested a dentist appointment and his tooth is abscessed  ECF No. 1, p. 9.  Plaintiff requests Fincher check into why he has not seen the dentist yet.  ECF No. 1, p. 9.  Fincher responded to Plaintiff's request stating he does not book dentist appointments and Plaintiff should send his request to Glover.  ECF No. 1, p. 9.  Plaintiff filed another request to Fincher on September 19, 2011 asking him to check the calendar to see if Plaintiff had a dentist appointment scheduled.  ECF No. 1, p. 10.  Fincher responded that Plaintiff did not have a dentist appointment on the calendar as of September 19, 2011.  ECF No. 1, p. 10.  The last request attached to Plaintiff's Complaint is dated September 22, 2011.  ECF No. 1, p. 11.  In this request, Plaintiff states even though he has requested a dentist appointment for a few weeks, non-party Sergeant Mauldin ("Mauldin") told Plaintiff he still did not have an appointment scheduled.  ECF No. 1, p. 11.  Plaintiff also states he has a "pimple" on his gums that "drains out poison" and he is "in severe pain."  ECF No. 1, p. 11.  There is no response from an HCDC official on this form.

Plaintiff was in the HCDC on a parole violation and new charges.  Plaintiff was convicted on September 26, 2011.  ECF No. 1, p. 4.  Plaintiff was taken to the dentist on October 12, 2011 and again on October 19, 2011.  ECF No. 18-6.

3

## II.     LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.    DISCUSSION

In their Motion for Summary Judgment and Brief in Support, Defendants argue: (1) Plaintiff failed to allege a custom or policy of Hempstead County which resulted in a violation of his constitutional rights; (2) Plaintiff failed to state an individual capacity claim against Defendant Sheriff Singleton ("Singleton"); and (3) Plaintiff failed to show Defendants Glover, Godbolt, and Rook were deliberately indifferent to his dental needs.

The record shows Plaintiff suffered from obvious signs of distress regarding his toothache—a "pimple" on his gums that drained puss and an inability to eat certain food or sleep at night. ECF No. 1, pp. 6, 8; ECF No. 24, p. 10. Further, Plaintiff indicated he was in pain in his September 1, 2011 medical request by writing: "Severe toothache need pulled immediately . . . [teeth] are infected severely and is hard for me to chew without severe pain." ECF No. 18-1. Previously, on August 28, 2011, Plaintiff filed an Inmate Medical Request regarding his back pain. On this August 28, 2011 request form, non-party nurse Joan McLean ("McLean") noted she saw Plaintiff on September 2, 2011 and he complained of a toothache, back ache, and other things. ECF No. 18-2. McLean prescribed Plaintiff pain medication, "pergocesic" for both his toothache and his back pain on September 2, 2011. ECF No. 24, p. 10. There is no indication on the August 28, 2011 or September 2, 2011 Medical Request Forms indicating anyone was informed that Plaintiff needed a dental appointment scheduled. Plaintiff received pain medication called "pergocesic" from August 28, 2011 through October 12, 2011. ECF No. 24, p. 10. Plaintiff states under penalty of perjury in his Response that this pain medication did not help his tooth pain and he discussed this with Rook. ECF No. 24, p. 10. Plaintiff filed subsequent Inmate Medical Requests on September 4, 2011, September 21, 2011, September 25, 2011, and October 11, 2011 that did not mention his toothache. ECF No. 18-3, 18-4, 18-7, 18-8. Plaintiff stated under penalty of perjury in his Response, that he did not mention the toothache in his medical requests again because he was informed that it was not the medical staff's responsibility to schedule dental appointments. ECF No. 24, p. 3; ECF No. 18-6.

On September 19, 2011, Plaintiff sent an Inmate Request Form to Glover making his second request for a dental appointment. ECF No. 18-5. Glover responded on the same day explaining he never received the first request but he would make Plaintiff a dentist appointment. ECF No. 18-5.

5

Glover also informed Plaintiff that he would be responsible for the dentist bill as Hempstead County would not pay for it. ECF No. 18-5. On September 19, 2011, Glover ordered Fincher to set Plaintiff a dental appointment. ECF No. 18-6. However, it is disputed whether an appointment was actually set up on that day. Plaintiff attached an Inmate Request Form to his Complaint stating Mauldin informed him he still did not have a dental appointment scheduled as of September 22, 2011. ECF No. 1, p. 11. Plaintiff was taken to the dentist on October 12, 2011 and again on October 19, 2011 to have his two abscessed teeth treated. ECF No. 18-6; ECF No. 1, p. 6..

Additionally, Plaintiff stated under penalty of perjury that Godbolt explained to him that Hempstead County would only pay for the bill if Plaintiff was not sentenced to the ADC for thirty (30) days or more, and that Hempstead County was having trouble with dentist because the County had not paid the bill. ECF No. 1, p. 5-6.

Further, Glover indicated in his affidavit that the scheduling of doctor and dentist appointments is the responsibility of the shift supervisors at the HCDC. ECF No. 18-6. However, appointments for "309s"[2] and inmates who have been sentenced to the ADC went through Glover so those appointments could be made through the ADC. ECF No. 18-6. According to Glover, there was confusion at the HCDC during the time at issue as to who's responsibility it was to make dental appointments. ECF No. 18-6.

In all Plaintiff waited approximately forty (40) days from the time he first filed his September 1, 2011 medical request regarding his toothache and his October 12, 2011 dentist appointment. It is also notable that Plaintiff was convicted on September 26, 2011. ECF No. 1,

---

[2] The Court is unfamiliar with the term "309s" and no definition was offered by Defendants.

p. 4.

      A.     <u>Official Capacity Claim</u>

Defendants first argue Plaintiff failed to state a policy or custom of Hempstead County violated his constitutional rights, and therefore, failed to state an official capacity claim.

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). In cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights, "rigorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee." *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

In his Complaint, Plaintiff stated he intended to sue Defendants in both their individual and official capacities. Additionally, Plaintiff made allegations that Godbolt told him Hempstead County would pay for Plaintiff's dental visit only if he were not sentenced to at least thirty (30) days of ADC time, and that Hempstead County was having problems with the dentist office because the County had not paid its bill. ECF No. 1, pp. 5-6. Additionally, Plaintiff attached his

inmate request in which Glover stated he would contact the dentist for Plaintiff but Plaintiff would be responsible for the bill because Hempstead County would not pay for it. ECF No. 1, p. 8. Finally, in his Response, Plaintiff explicitly alleges that Defendants did not make him a dental appointment sooner because they "figured [he] would be alright until [he] received [his] prison sentence, so that [Hempstead County] wouldn't have to pay for the dental bill and it would be on the ADC." ECF No. 24, p. 12. Taken together all of these allegations sufficiently allege a policy or custom of Hempstead County that caused the delay in Plaintiff's dental care.[3]

Furthermore, the Court finds there are genuine issues of material fact as to whether the forty (40) day delay in providing dental care to Plaintiff was in anyway caused by (1) Plaintiff's inability to pay for his dental bill; (2) Hempstead County's willingness to pay for Plaintiff's dental care; or (3) the policy, procedure, or custom at the HCDC for scheduling inmate dental appointments.

The Eighth Circuit has consistently reversed summary judgments in favor of prison officials when they "delayed three weeks or more in providing dental care for an inmate whose mouth showed obvious signs of serious infection, such as swelling, bleeding, or pus, and who complained of severe tooth pain." *Hartsfiedl v. Colburn,* 491 F.3d 394, 397 (8th Cir. 2007) (citing *Moore v. Jackson*, 123 F.3d 1082, 1085-87 (8th Cir.1997) (defendants not entitled to summary judgment when they delayed seven months in providing dental care despite their knowledge of the painful nature of plaintiff's toothache); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir.1995) (a delay in dental treatment for three weeks, coupled with knowledge that an inmate is suffering, can support a

---

[3] Because Plaintiff proceeds pro se, the Court will construe his pleadings liberally at this stage. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (*pro se* pleadings should be liberally construed and held to less stringent standards when facing a motion for summary judgment).

finding of an Eighth Amendment violation); *Patterson v. Pearson*, 19 F.3d 439, 440 (8th Cir.1994) (prison dentist's approximate three week delay in treating inmate with a known painful and swollen jaw was not entitled to summary judgment); *Fields v. Gander*, 734 F.2d 1313, 1315 (8th Cir.1984) (the delay of access to dental care for an infected tooth for three weeks in order to compel payment of previous bill could constitute Eighth Amendment violation)). *See also Hartsfield v. Colburn*, 371 F.3d 454, 457-8 (8th Cir. 2004) (a jail doctor, who was aware of the inmate's tooth pain, that withheld dental care for approximately one and a half months for non-medical reasons was not entitled to summary judgment and evidence regarding jail policy on the issue also implicated the sheriff of the county); *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987) (prison officials may not condition medical treatment on the inmate's ability or willingness to pay).

Based on the record before me, there are genuine issues of material fact as to whether a policy, procedure, or custom of Hempstead County caused the delay in Plaintiff's dental care. Accordingly, Defendants are not entitled to summary judgment on Plaintiff's official capacity claim.

      B.    <u>Individual Capacity Claims</u>

Defendants also argue they are entitled to summary judgment on Plaintiff's individual claims against Singleton, Glover, Godbolt, and Rook.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). The denial or delay of dental care is analyzed in the same way as a denial or delay of medical care claim under the Eighth Amendment. *See e.g., Hartsfield v. Colburn*, 371 F.3d 454, 457

(8th Cir. 2004) (delay of dental care for tooth pain, and swollen, bleeding, and infected gums analyzed under the deliberate indifference standard of the Eighth Amendment). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

It is well settled that a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citations omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical

staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990).

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976). However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009). The objective seriousness of delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record. *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005). Unless, however, the need for medical attention is obvious to a layperson in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub v. VonWald,* 638 F.3d 905, 919 (8th Cir. 2011) (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999); *Aswegan v. Henry,* 49 F.3d 461, 464 (8th Cir. 1995); *see also Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

      i.     <u>Singleton</u>

Defendants argue Plaintiff's individual claim against Singleton fails as a matter of law because Plaintiff failed to show Singleton had any personal involvement in delaying Plaintiff dental care.

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell,* 436 U.S. at 694. "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). In other words, Sheriff Singleton cannot be held liable merely because he supervises the individuals allegedly responsible for violating Plaintiff's constitutional rights. *Id.; see also Mark v. Nix,* 983 F .2d 138, 139–40 (8th Cir. 1993) (Section 1983 liability requires some personal involvement or responsibility). Instead, to be liable the supervisor must be personally involved in the violation or fail to act to correct the violating conduct in a manner that rises to deliberate indifference. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see." *Id.* (internal quotations and citations omitted).

In his Complaint, Plaintiff failed to allege any personal involvement of Singleton in the events surrounding the delay in his dental care. Further, in his Response, Plaintiff stated Singleton "should be more aware of what is going on in his county jail," but Plaintiff did not allege any facts indicating Singleton had any knowledge that Plaintiff was being denied dental care. Therefore, Plaintiff's claim against Singleton in his individual capacity must fail as a matter of law.

    ii. <u>Glover, Godbolt, and Rook</u>

The Court notes Defendants did not argue that Plaintiff's abscessed tooth was not a sufficiently serious medical need, therefore, the Court will proceed directly into the deliberate indifference analysis as it relates to Glover, Godbolt, and Rook.

Defendants argue Glover was not deliberately indifferent because he ordered an appointment be made for Plaintiff the very day he learned of Plaintiff's toothache—September 19, 2011. Additionally, Glover had no control over the dentist's office schedule and the fact it took until October 12, 2011 to fit Plaintiff in for a visit. Second, Defendants argue Godbolt was not informed of the need for a dentist appointment until some time between September 19 and October 1, 2011 after a dentist appointment was already scheduled. Finally, Defendants argue Rook cannot be liable because she, as a nurse, was not in a position to schedule Plaintiff a dentist appointment. Defendants contend these facts distinguish this case from the controlling Eighth Circuit precedent in *Boyd v. Knox*, 47 F.3d 966 (8th Cir. 1995).

In *Boyd*, the Eighth Circuit held "[a] three-week delay in dental care, coupled with knowledge of the inmate-patient's suffering, can support a finding of an Eighth Amendment violation under section 1983." *Id*. at 969. The Eighth Circuit denied the prison dentist defendant in *Boyd* summary judgment because even though he knew the plaintiff was suffering from an impacted and infected wisdom tooth, he waited three weeks to refer the plaintiff to an oral surgeon for treatment. *Id*.

The Court agrees that the facts here relating to Glover are distinguishable from the facts in *Boyd*. Plaintiff is unable to dispute Glover's statement in his affidavit that he was not aware of Plaintiff's toothache and need for a dental appointment until September 19, 2011, and he ordered an appointment be made for Plaintiff the same day he was informed of the need. ECF No. 24, p. 5. Therefore, Glover's actions cannot be construed as deliberately indifferent under *Boyd. Id.* If Moreover, Plaintiff cannot meet the subjective prong of the Eighth Amendment test as he did not dispute the fact that Glover did not know of Plaintiff's dental needs and pain and suffering prior to

the day he ordered an appointment scheduled. *See Jolly,* 205 F.3d at 1096 (the prison official must actually know of but deliberately disregard the serious medical need). Lastly, the Court notes it is disputed as to whether an appointment was actually made for Plaintiff on September 19, 2011 but undisputed that Glover ordered it made on that day. Glover cannot be held liable based on supervisor liability as Plaintiff has failed to allege Glover knew the appointment was not scheduled as ordered and failed to rectify the situation in a manner rising to the level of deliberate indifference. *See Boyd*, 47 F.3d at 968. Therefore, there are no genuine issues of material fact as to Glover's liability in his individual capacity.

      Similarly, it is undisputed that Godbolt was not aware of Plaintiff's toothache until some time between September 19 and October 1, 2011 when Godbolt discussed Plaintiff's need for an appointment with him. As with Glover, Godbolt's lack of knowledge of Plaintiff's dental needs and pain and suffering distinguishes his conduct from that in *Boyd. Id.* at 969. Plaintiff did not make any allegations that Godbolt knew of Plaintiff's dental needs and pain and suffering for three weeks or more without taking action, and therefore, Godbolt actions can not be construed as deliberately indifferent under *Boyd. Id.* Plaintiff does, however, allege in his Response that Godbolt, as the jail administrator, should have been more involved in the situation and gotten it taken care of in a timely manner instead of allowing "two months" to pass with no action because the jail did not want to pay the dentist. ECF No. 24, p. 9. Plaintiff appears to be alleging Godbolt should be liable based on supervisor liability. As explained, above with Singleton and Glover, Godbolt cannot be held liable based on his position as jail administrator unless he knew about the conduct, failed to correct it, and facilitated it, approved it, condoned it, or turned a blind eye to it. *See Boyd*, 47 F.3d at 968. There are no facts on the record indicating Godbolt could be liable under supervisor liability. Therefore,

14

there are no genuine issues of material fact as to Godbolt's liability in his individual capacity.

The claims against Rook, however, are not distinguishable from *Boyd.* Plaintiff states under penalty of perjury that Rook had "knowledge of the severity of [Plaintiff's] toothache and did nothing to press the issue to get [it] taken care off." ECF No. 24, p. 9. Defendants argue Rook was not deliberately indifferent to Plaintiff's dental needs because it was not her responsibility to call and set up a dentist appointment for Plaintiff and because Plaintiff does not allege when he saw Rook regarding his toothache. This is insufficient to warrant summary judgment for Rook. The Court cannot say at this stage that there are no genuine issues of material fact as to whether Rook was deliberately indifferent to Plaintiff's dental care needs by failing to act in response to the knowledge of his pain and suffering. *See e.g., Hartsfield, v. Colburn,* 371 F.3d 454, 457-8 (8th Cir. 2004); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir.1995) (a delay in dental treatment for three weeks, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation); *Patterson v. Pearson*, 19 F.3d 439, 440 (8th Cir.1994) (prison dentist approximate three week delay in treating inmate with known painful and swollen jaw was not entitled to summary judgment).

Accordingly, Defendants should be granted summary judgment on Plaintiff's individual capacity claims against Glover and Godbolt. There are, however, genuine issues of material fact regarding Rook

## IV.   CONCLUSION

For the reasons stated above, Defendants' Motions for Summary Judgment (ECF No. 17) is hereby **GRANTED** in part and **DENIED** in part. Specifically, the Motion is granted as to Plaintiff's individual capacity claim against Defendants Singleton, Glover, and Godbolt leaving for latter

15

determination Plaintiff's official capacity claims against Defendants Singleton, Glover, Godbolt, and Rook and Plaintiff's individual capacity claims against Defendant Rook.

    **IT IS SO ORDERED** this **26th day of March 2013.**

                                              /s/ Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              UNITED STATES MAGISTRATE JUDGE