IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSHUA COLBY FINCHER                                                         PLAINTIFF

V.                                  CIVIL NO. 4:11-cv-04101

SHERIFF JAMES SINGLETON;
JOHNNY GODBOLT; LT. STEVEN
GLOVER; and NURSE LORI ROOK                                        DEFENDANTS

## JUDGMENT

Plaintiff Joshua Fincher filed this case *pro se* pursuant to 42 U.S.C. § 1983 on October 20, 2011. ECF No. 1. Now before the Court is Plaintiff's continuous failure to comply with the Court's orders and prosecute this case. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 13. Pursuant to this authority, the Court issues this Judgment dismissing this matter.

I.   BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate of the Hempstead County Detention Center in Hope, Arkansas ("HCDC").

In his Complaint, Plaintiff claims his constitutional rights were violated when Defendants denied him a dental appointment. Plaintiff specifically claims he suffered a painful abscessed tooth, and put in his first request to visit the dentist "around or about" September 5, 2011. ECF No. 1, p. 4. Plaintiff was not taken to the dentist until October 12, 2011 and then again on October 19, 2011. ECF No. 18-6.

On July 29, 2013, the Court issued an Amended Final Scheduling Order setting this matter for bench trial on November 6, 2013. ECF No. 31. Pursuant to this Amended Final Scheduling Order, Plaintiff was to submit his witness and exhibit list to the Court no later than October 7, 2013. ECF No. 31. Plaintiff failed to submit such list by October 7, 2013.

In response to Plaintiff's failure to submit his witness and exhibit list, the Court issued an Order to Show Cause on October 8, 2013. ECF No. 33. In this Order, the Court advised Plaintiff that because he proceeds in this matter *pro se* and *in forma pauperis*, the Court would issue all subpoenas and writs for Plaintiff's trial witnesses, however, the Court could not do so without Plaintiff's witness and exhibit lists. The Court directed Plaintiff to show cause why he failed to submit his witness and exhibit list, and to submit such lists by Friday, October 18, 2013. ECF No. 33. Plaintiff failed to do so.

Plaintiff was advised in the Order to Show Cause that failure to respond to the Order would subject this matter to dismissal. Additionally, the Order to Show Cause was not returned as undeliverable mail.

**II.  APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**III.   DISCUSSION**

Plaintiff has failed to comply with two Court orders—the Court's July 29, 2013 Amended Final Scheduling Order; and the Court's October 8, 2013 Order to Show Cause. Plaintiff has also failed to prosecute this case. He has not communicated with the Court since April 24, 2013 when he filed a Motion to Appoint Counsel.

Both of the Orders at issue were mailed to Plaintiff at the Arkansas Department of Corrections Texarkana Regional Correction Center. Upon its own research, the Court determined that Plaintiff was incarcerated at the Texarkana Center when the Orders were mailed, and he

3

remains incarcerated at the Texarkana Center at this time. Additionally, neither Order was returned as undeliverable mail. The Court, therefore, must presume Plaintiff received and willfully disobeyed each Order.

Accordingly, Plaintiff's Complaint is dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b); *Hunt,* 203 F.3d at 527.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**IT IS SO ORDERED this 22nd day of October 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE